IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM MERAYO,

    Plaintiff,

vs.                                                                       2:19-cv-01173-KWR-JFR

MOSES MARQUEZ, JOSEPH GALINDO,
DANIEL OELCHER, and MARTY VIGIL,
*in their individual and official capacities,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon City of Grants Motion to Intervene (**Doc. 12**), and Plaintiff's Motion for Default Judgment against all named Defendants (**Doc. 14**). Having reviewed the pleadings, the Court concludes that the City of Grants' Motion to Intervene is well-taken, and the Plaintiff's motion for default judgment is not well taken, therefore the Motion to Intervene is **GRANTED** and the Motion for Default Judgment is **DENIED.**

## BACKGROUND

This is an excessive force case. Plaintiff asserts that the officer-defendants used excessive force or battered him during an arrest, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and New Mexico state law.

The complaint sets out five counts:

Count I: Section 1983 – Excessive Force in Violation of Fourth and Fourteenth Amendments against all Defendants.

Count II: Section 1983 - Excessive Force in Violation of Fourth and Fourteenth Amendments against all Defendants.

> Count III: Section 1983 – Excessive Force in Violation of Fourth and Fourteenth Amendments against all Defendants.
>
> Count IV: Tort of Battery against all Defendants.
>
> Count V: Section 1983 – Supervisory Negligence against Defendant Vigil.

The four individually named Defendants were all at one-point law enforcement officers with the City of Grants. Plaintiff served the summons and complaint for the individual Defendants on the Chief of Police in March 2020. However, at that point none of the individual Defendants worked at the Grants Police Department. Plaintiff sought and obtained an entry of default, after which the City of Grants filed a motion to intervene. Plaintiff then filed a motion for default judgment, which the City of Grants opposes.

## DISCUSSION

### I. City of Grants' Motion to Intervene is well-taken.

Plaintiff sued the individual Defendants in their individual and official capacities. The City Grants seeks to intervene because it is the real party in interest as to the official capacity claims. The Court agrees.

> Intervention is authorized by Rule 24, which provides in pertinent part:
>
> Upon timely application anyone shall be permitted to intervene in an action: ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). "Accordingly, an applicant may intervene as of right if: (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]"; and (4) "the applicant's interest is [not] adequately represented by existing parties."

This circuit follows "a somewhat liberal line in allowing intervention." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (internal citations omitted).

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citing *Monell*, 436 U.S. at 690 n.55, 98 S.Ct. 2018). An official capacity suit is not against the official personally, "for the real party in interest is the entity." *Id.* at 166, 105 S.Ct. 3099.

The motion to intervene is timely, as no named Defendant has yet been properly served. Moreover, the motion to intervene was filed after the entry of default but before any motion for default judgment. The City of Grants has an interest because a judgment against the individual Defendants in their official capacity can be entered against the city. The City of Grants' interest will therefore clearly be impaired. Finally, the individual Defendants are not adequately representing the City of Grants' interest as they have not been served and are no longer employees of the city.

Plaintiff provides no argument for why the Court should not grant the motion to intervene. Plaintiff only argues that intervention should not be allowed because the individual Defendants allegedly defaulted, and the city is attempting to get around the default. As the Court explains below, default judgment against the individually named defendants is not appropriate because Plaintiff has not shown they were properly served.

The parties have not discussed whether substitution would be more appropriate instead of intervention, therefore the Court will not *sua sponte* decide that issue. *See, e.g., Karcher v. May*, 484 U.S. 72, 77, 108 S. Ct. 388, 393, 98 L. Ed. 2d 327 (1987) (discussing official capacity defendants intervening as real parties in interest); *Kentucky v. Graham,* 473 U.S. 159, 166, 105

S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (internal quotation marks omitted) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," and not as a suit against the official personally, "for the real party in interest is the entity.").

**II      Plaintiff's Motion for Default Judgment is not well-taken because service was not proper.**

Plaintiff seeks default judgment against the Defendants in their individual and official capacities.  Rule 55 mandates a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. Second, the party must request a default judgment. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)).  Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003).  However, even after entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (citation omitted), *quoted in Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015).

The City of Grants argues that service was not proper on the individually named Defendants.  Plaintiff did not file a reply responding to this argument.  The Court agrees with the city and concludes that default judgment is not appropriate as to the individual Defendants because Plaintiff has not shown that they were properly served.

The individual Defendants were not personally served. Rather, Plaintiff asserts the summons and complaint were served on the Chief of Police through the "patrol secretary". However, the individual Defendants were not employed at the Grants Police Department when service was attempted. **Doc. 17-1, Ex. A.** Even if they were still employed there, Plaintiff has not shown that it was proper to leave the summons and complaint at their workplace without personal service, prior to attempting other forms of service. *See, e.g.,* Fed. R. Civ. P. 4(e). Plaintiff has also not shown that service was proper under the New Mexico state service rules. *See* Fed. R. Civ. P. 4(e) (service may be accomplished by following state law for serving a summons). Even assuming Defendants were employed at the Grants Police Department on the date of alleged service, Plaintiff has not argued that he attempted service pursuant to NMRA 1-004(f)(1) and (2) prior to leaving the complaint at Defendants' place of employment. NMRA 1-004(f)(3). Therefore, Plaintiff has not shown that service was properly effectuated on the individual Defendants.

Because the Court finds that Plaintiff has not shown that the individual Defendants have been properly served, the Court also sets aside the entry of default. "In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs.,* 316 Fed.Appx. 744, 750 (10th Cir.2009), *quoted in Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014). Here, because Plaintiff has not shown that service was proper, the Court concludes that any default was not willful. Moreover, setting aside the default would not prejudice Plaintiff, because Plaintiff did not properly serve the summons and complaint.

5

To the extent Plaintiff argues that service was proper because the Chief of Police was served by leaving the summons and complaint with the "patrol secretary", Plaintiff has not cited to any authority supporting that proposition. Moreover, the Grants Police Department is not the appropriate entity. "[P]olice departments … are not suable entities under § 1983, because they lack legal identities apart from the municipality." *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, *2 (10th Cir. 1992) (unpublished). *See also Henry v. Albuquerque Police Dep't*, 49 Fed. App'x 272, 273 n.1 (10th Cir. 2002) (same). The relevant entity is the City of Grants, not the police department, and Plaintiff has not shown that the City of Grants can be served through the Chief of Police. *See* Fed. R. Civ. P. 4(j)(2) (municipality must be served by delivering a copy of summons and complaint to its chief executive officer, or serving a copy in manner prescribed by that state's law for serving a summons or like process on such a defendant); NMRA, Rule 1-004(H)(1)(g)(service may be effectuated "upon a municipal corporation by serving a copy of the process to the city clerk, town clerk or village clerk").

**IT IS THEREFORE ORDERED** that the City of Grants' Motion to Intervene **(Doc. 12)** is hereby **GRANTED** for the reasons described above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment **(Doc. 14)** is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default **(Doc. 10)** is **SET ASIDE.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE